# In the United States Court of Federal Claims

No. 20-1902

Filed: January 14, 2021

| | |
|---|---|
| **XUNXIAN LIU,** | |
| *Plaintiff,* | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant.* | |

### ORDER DISMISSING

**TAPP, Judge.**

    This *pro se* case comes before the Court on Plaintiff's "Complaint against USA." Plaintiff, Xunxian Liu ("Liu"), asserts tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Liu contends that a federal judge published intentional libel regarding his profession in a previous, unrelated suit. (*See generally* Compl., ECF No. 1). As a result, Liu seeks damages in the amount of $400,000 under the FTCA. *Id.* This Court lacks jurisdiction to adjudicate tort claims and thus dismisses Liu's claims *sua sponte*.

    A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

    This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. §1491. The Tucker Act limits the Court's jurisdiction to suits "against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act is jurisdictional only, and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976); *Tippett v. United States*, 185 F.3d 1250, 1254 (Fed. Cir. 1999). Rather, the Tucker Act "merely confers jurisdiction upon [this Court] whenever the substantive right exists." *Testan*, 424 U.S. at 398. "When a contract is not involved, to invoke

jurisdiction under the Tucker Act, a plaintiff must identify a constitutional provision, a statute, or a regulation that provides a substantive right to money damages." *Tippett*, 185 F.3d at 1254–55.

The Tucker Act explicitly provides that cases sounding in tort are not within the jurisdiction of this Court. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages in cases *not sounding in tort*.") (emphasis added). The Supreme Court has explained that "[t]he language of the statutes which confer jurisdiction upon the Court of Claims, excludes by the strongest implication demands against the Government founded on torts." *Bigby v. United States*, 188 U.S. 400, 404 (1903) (quoting *Gibbons v. United States*, 75 U.S. 269, 275 (1869)). "[T]ort cases are outside the jurisdiction of the Court of Federal Claims[.]" *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993).

Liu's Complaint unambiguously seeks relief solely for "intentional torts" allegedly committed by a federal employee. (Compl. at ¶¶ 1, 2). Therefore, this Court finds that it lacks jurisdiction over Liu's Complaint, and it must therefore be dismissed. RCFC(h)(3). The Clerk of Court is **DIRECTED TO DISMISS** Liu's claims and enter judgment for the United States.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge